UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                                              :
                                                              :       04 CV 1287 (ARR)
KEVIN WHYTE,                                                  :
                                                              :
                                Petitioner,                   :       NOT FOR
                                                              :       ELECTRONIC OR PRINT
                                                              :       PUBLICATION
        -against-                                             :
                                                              :       OPINION AND ORDER
ROBERT ERCOLE,                                                :
*Superintendent, Green Haven Correctional Facility,*          :
                                                              :
                                Respondent.                   :
                                                              :
-------------------------------------------------------------- X

ROSS, United States District Judge:

On March 12, 2004, petitioner Kevin Whyte, proceeding pro se, filed the instant petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Mr. Whyte claimed the

admission of his inculpatory statements at trial violated his Fifth Amendment privilege against

self-incrimination because the interrogating law enforcement officials failed to scrupulously

honor his right to remain silent as required by Miranda v. Arizona, 384 U.S. 436 (1966) and

Michigan v. Mosley, 423 U.S. 96 (1975). Petitioner also requested a stay to exhaust a claim of

ineffective assistance of counsel in state court. On June 21, 2004, this court stayed Mr. Whyte's

petition pending exhaustion of his ineffective assistance of counsel claim. On September 26,

2005, petitioner returned to federal court seeking to reinstate his petition and to amend his

petition to add the following claims: (1) that the N.Y. C.P.L. § 440 court did not provide him

with a full and fair opportunity to litigate his Fourth Amendment claim; (2) that the trial court

improperly admitted misleading testimony by a police officer; and (3) that his trial counsel was constitutionally ineffective. For the reasons set forth below, the court denies the petition.

## BACKGROUND

Petitioner was indicted in 1998 by a grand jury in New York State Supreme Court, Queens County on charges related to the robbery and murder of a telephone calling card vendor at a bodega in Queens. On August 3, 1999 and October 4, 1999, the trial court conducted a pre-trial Wade/Huntley/Payton hearing on petitioner's to suppress identification testimony and post-arrest statements he made to law enforcement officers. The statements at issue were written and videotaped confessions by petitioner. The trial court held that petitioner made the statements voluntarily after being informed of and waiving his Miranda rights. People v. Whyte, Ind. No. 2801/98, at 9-10 (N.Y. Sup. Ct. Queens Co. Feb. 24, 2000) (memorandum opinion). The trial court also found that the identification procedure was not suggestive and that there was probable cause for petitioner's arrest. Id. at 9. Accordingly, the trial court denied the motion to suppress. People v. Whyte, Ind. No. 2801/98, at 9-10 (N.Y. Sup. Ct. Queens Co. Apr. 26, 2000) (order denying motion to suppress).

Following a jury trial, petitioner was convicted of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and tampering with physical evidence. On October 25, 2000, he was sentenced to concurrent terms of 25 years to life on the second degree murder conviction and 12 ½ years to 25 years on the robbery conviction. The trial court also sentenced petitioner to terms of 7 ½ to 15 years on the weapons possession

conviction and 1 ½ to 4 years on the evidence tampering conviction to run concurrently with each other and consecutive to the murder sentence.

Petitioner appealed his conviction to the Appellate Division, Second Department. Petitioner contended (1) that he was deprived of his right to remain silent and to due process when the investigating detective interrogated him after he invoked his right to remain silent; (2) that he was deprived of his right to due process and a fair trial by the admission of third party identification testimony when the evidence did not show that the witness was certain of the identification; and (3) that his sentence was illegal and excessive. By order dated November 4, 2002, the Appellate Division affirmed Mr. Whyte's conviction, holding (1) that the claim that his right to remain silent was not scrupulously honored was unpreserved and, in any event, without merit; and (2) that the identification testimony at trial was permissible See People v. Whyte, 749 N.Y.S.2d 90, 91 (N.Y. App. Div. 2d Dep't 2002). With respect to petitioner's sentence, the Appellate Division found that the trial court had erred in imposing a consecutive sentence for criminal possession of a weapon and ordered the sentence for that count to run concurrently with the sentence for the second degree murder and robbery convictions. Id. at 90-91. The Court of Appeals denied leave to appeal by order dated December 30, 2002. People v. Whyte, 784 N.E.2d 91 (N.Y. 2002) (table).

Petitioner filed the instant petition for a writ of habeas corpus on March 12, 2004 and, after this court granted him leave to exhaust an ineffective assistance of counsel claim in state court, he filed a motion to vacate his judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10. In his motion, petitioner claimed (1) that his post-arrest statements were elicited in violation of his right to counsel; (2) that the police lacked probable cause for his arrest; (3) that

3

the identification testimony was unreliable because the identification witness initially identified another individual; (4) that the police witnesses perjured themselves at the hearing; (5) that he was arrested on an invalid warrant; (6) that the prosecution knowingly elicited false testimony at the hearing; (7) that the admission of hearsay at the hearing violated his rights under the Confrontation Clause; and (8) that his trial counsel was ineffective for failing to argue that the police engaged in misconduct by using a warrant from another jurisdiction to arrest him and that petitioner's statements were elicited in violation of his right to counsel. On April 1, 2005, the § 440 court denied petitioner's motion as procedurally barred under N.Y. Crim. Proc. Law § 440.10(2)(c), because he unjustifiably failed to bring his claims on direct appeal when sufficient facts appeared on the record to enable him to do so. See People v. Whyte, Ind. No. 2801/98 (N.Y. Sup. Ct. Queens Co. April 1, 2005). Petitioner sought leave to appeal to the Appellate Division, and his application was denied by order dated September 5, 2005. People v. Whyte, Ind. No. 2801/98 (N.Y. App. Div. 2d Dep't Sept. 5, 2005).

Petitioner then timely returned to this court seeking to reinstate his habeas petition and to amend his petition pursuant to Fed. R. Civ. P. 15.

## DISCUSSION

### I.     Motion for Leave to Amend Petition

Petitioner moves to amend his petition to add the following claims: (1) that the § 440 court did not provide him with a full and fair opportunity to litigate his Fourth Amendment claims; (2) that the trial court improperly admitted misleading testimony by a police officer; and (3) that his trial counsel was constitutionally ineffective. Respondent argues that the first and

second claims raised in petitioner's motion to amend, which was filed well after the one year statute of limitations expired, do not relate back to his timely-filed habeas petition and, therefore, should be dismissed as time-barred.

Federal Rule of Civil Procedure 15, which governs the amendment of civil pleadings, is made applicable to petitions for writs of habeas corpus by 42 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11. See, e.g., Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562, 2569 (2005); Littlejohn v. Artuz, 271 F.3d 360, 362 (2d Cir. 2001). Where, as here, a petitioner is no longer entitled to amend his pleading as a matter of course, he may amend "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Although Rule 15(a) specifically provides that such "leave shall be freely given when justice so requires," id., district courts have discretion to deny leave "where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002), or "where amendment would be futile," In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005).

Furthermore, after the statute of limitations has run, pleadings may only be amended if the amendment "relates back" to the original, timely-filed pleading.[1] See Fed. R. Civ. P. 15(c). Rule 15(c)(2) specifies that a proposed amendment "relates back to the date of an original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Id. at §15(c)(2). The Supreme Court clarified that the Rule 15(c)(2) requirement that claims arise

---

[1] In the habeas context, the original pleading is the petition for writ of habeas corpus itself. See Mayle, 125 S. Ct. at 2569-2570.

5

from the same "conduct, transaction, or occurrence" is not satisfied merely by the fact that claims relate to the same "trial, conviction, or sentence." Mayle, 125 S. Ct. at 2573-2574. Rather, relation back under Rule 15(c)(2) is appropriate only when "the original and amended petitions state claims that are tied to a common core of operative facts." Id. at 2574. The Mayle Court further explained that a proposed amendment which raises a new legal theory may relate back, so long as the new claim is based on the same facts. See id. at 2572 n.5 (clarifying that an amendment which presented "a new legal theory tied to the same operative facts as those initially alleged" would be an "unremarkable application of the relation-back rule").

The court denies as futile petitioner's motion to amend his petition to raise an independent federal law claim concerning the § 440 court's dismissal of his constitutional claims as procedurally barred. The record reveals no basis for a potentially meritorious habeas claim on this ground. Petitioner's arguments in this respect will be considered insofar as they relate to whether the state court relied on an "adequate" state law ground in dismissing the federal law claims raised in his petition as procedurally barred.

The court also denies petitioner's motion to amend his petition to raise a claim that the trial court improperly admitted the police officer's third party identification testimony because this claim is time-barred. As the court observed in its June 21, 2004 order, petitioner filed his petition with only 18 days left on the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Given that a habeas petition does not toll the statute of limitations, see Duncan v. Walker, 533 U.S. 161, 181 (2001), the limitations period would have run by March 30, 2004 for any claims not raised in the petition. Because petitioner's motion to amend was filed significantly after the expiration of the one-year

6

statute of limitations imposed by AEDPA, amendment will be permitted only if the proposed

claim "relates back" to the timely filed petition. See Fed. R. Civ. P. 15(c)(2). Petitioner's claim

regarding the police officer's testimony on the third-party identification does not rely on the same

set of operative facts or legal theories as those raised in the original petition, and the petition

would not have given respondent fair notice that petitioner intended to assert such a claim. As

respondent points out, while the original petition could be construed to raise a Brady claim (see

Pet'r Mem. at 7-8), neither the petition nor the accompanying memorandum of law makes any

reference to misleading or perjured testimony by a police witness at the hearing or at trial.

Accordingly, the claim is dismissed as time-barred.

The court next proceeds to review the Miranda and ineffective assistance of counsel

claims raised in Mr. Whyte's petition.


## II.     Miranda Claim

Mr. Whyte argues that he is entitled to habeas relief because the state court's admission

of his post-arrest statements at trial violated his rights under Miranda v. Arizona, 384 U.S. 436

(1966). Specifically, he contends that his right to remain silent was not "scrupulously honored"

by law enforcement officers when he was interrogated following invocation of that right. The

Appellate Division held that this claim was not preserved for appellate review and also without

merit. See People v. Whyte, 749 N.Y.S.2d 90, 91 (N.Y. App. Div. 2d Dep't 2002). Respondent

contends that federal habeas review is precluded because the claim is procedurally barred on an

independent and adequate state law ground and, in the alternative, that the claim lacks merit.

## A.    Procedural Bar

A court considering a habeas petition may not review claims based on federal law if the last state court to consider the claims "clearly and expressly rel[ied] on an independent and adequate state ground," such as a procedural bar. Coleman v. Thompson, 501 U.S. 722, 735 (1991); see also Garcia v. Lewis, 188 F.3d 71, 76 (2d Cir. 1999). In order for a state law ground to be considered adequate to support the state court's judgment, it must be "'firmly established and regularly followed' in the state." Garvey v. Duncan, 485 F.3d 709, 713 (2d Cir. 2007) (quoting Lee v. Kemna, 534 U.S. 362, 376 (2002)).

In order to preserve a question for appeal under New York law, the party claiming error must register a protest at trial or at a proceeding and either (a) the objecting party must make his or her position on the issue in question known to the trial court or (b) the trial court must actually decide the question that is being raised on appeal. N.Y. Crim. Proc. Law § 470.05(2). In order to preserve an issue for appeal, a general objection is not sufficient; rather the criminal defendant "must specifically focus on the alleged error." Garvey v. Duncan, 485 F.3d 709, 714 (2d Cir. 2007). "New York courts consistently interpret § 470.05(2) to require that a defendant specify the grounds of alleged error in sufficient detail so that the trial court may have a fair opportunity to rectify any error." Id. at 709 (citing People v. McLane, 682 N.Y.S.2d 24, 25 (N.Y. App. Div. 1st Dep't 1998).

In this case, the court is unable to determine from the record whether the Appellate Division's reliance on the state procedural rule to dismiss petitioner's Miranda claim was adequate to support its judgment. The omnibus motion filed in the trial court sought suppression of defendant's statements on grounds that the defendant was not advised of his Miranda warnings

prior to making the statement, that the initial arrest was unlawful, and that any waiver was not intelligent or voluntary due to the "intimidating atmosphere of uniformed police officers." (See Omnibus Mot. ¶¶ 1-5.) None of those allegations would have been sufficient to call the trial court's attention to the particular claim made in the instant petition. In addition, no objection on this basis is apparent in the transcripts of the suppression hearing or trial that were filed with the court, and the state court's decision following the suppression hearing does not address this issue. However, the last five pages of the suppression hearing transcript are missing and are apparently unavailable. It appears that these pages contain a portion of oral argument related to the issues at the hearing. Given that it is possible that petitioner's counsel raised the particular issue now before the court during that portion of the suppression hearing, the court finds that it is appropriate to reach the merits of petitioner's claim insofar as the claim relates to testimony heard by the trial court at the suppression hearing.

## B.    Merits of Petitioner's Claim

The Appellate Division's decision that the petitioner's claim that his right to remain silent was not scrupulously honored was without merit is entitled to deference under AEDPA. Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). Accordingly, habeas relief is warranted only if the state court's determination (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court's factual determinations regarding the circumstances surrounding an interrogation are entitled to a "presumption of correctness," and the petitioner carries the burden

9

of overcoming that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003). "This presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility." Id. "Credibility determinations are properly within the province of the state court that presided over the trial and evidentiary hearing." Shabazz v. Artuz, 336 F.3d 154, 163 (2d Cir. 2003) (citing Patton v. Yount, 467 U.S. 1025, 1038 (1984)). However, the determination of whether, under those circumstances, a confession was voluntary "is a mixed question of fact and law." Thompson v. Keohane, 516 U.S. 99, 112-13 (1995); see Whitaker v. Meachum, 123 F.3d 714 (2d Cir. 1997).

Following the hearing, the trial court issued a written decision setting forth its findings of fact and conclusions of law with respect to the voluntariness of petitioner's statements and other issues raised at the hearing. See People v. Whyte, Ind. No. 2801/98, at 9-10 (N.Y. Sup. Ct. Queens Co. Feb. 24, 2000) (memorandum opinion). The trial court found that, some time following petitioner's arrest at around 12:30 p.m. on July 2, 1998 in Suffolk County, petitioner was transported to the 103 Precinct in Queens County. Id. at 4. When he arrived, Detective Ray Murtha took petitioner to an interview room. Id. At approximately 5:15 or 5:30 p.m. that evening, Detective Murtha informed petitioner of the charges, and petitioner told him he did not want to speak with him. Id. at 7. At approximately 8 p.m. that evening, Detective Murtha returned to the interview room, informed petitioner that he was in deep trouble, and asked if he was willing to speak with him, and petitioner agreed to do so. Id. at 7. Detective Murtha then read petitioner his Miranda rights and petitioner made a statement that, with petitioner's consent, Detective Murtha wrote out. Id. at 4-5, 7. Detective Murtha read the statement back to

10

petitioner, and petitioner signed it. Id. at 4-5. Petitioner then volunteered to draw a diagram of

the area where the incident occurred, which he drew and signed. Id. at 5. Detective Murtha

asked petitioner whether he was willing to speak to an assistant district attorney ("ADA") and

petitioner agreed to do so. Id. The ADA informed petitioner of his Miranda rights and petitioner

indicated that he understood them. Id. The interview with petitioner followed and was recorded

on videotape. Id. The trial court denied defendant's suppression motion, ruling that petitioner's

post-arrest statements were made voluntarily after defendant was appraised of his Miranda rights.

Id. at 9-10.

The trial court's findings of fact were not challenged by petitioner and they are consistent

with the record of the hearing. (See Hr'g Tr. 16-27, 51-67.) Accordingly, the question before the

court is whether, based on this set of facts, the Appellate Division's decision that the police did

not fail to scrupulously honor petitioner's right to remain silent is contrary to, or an unreasonable

application of, federal law.

The Appellate Division's decision, which relied on People v. Gary, 31 N.Y.2d 68 (N.Y.

1972), was not contrary to clearly established federal law. A state court decision is "contrary to"

clearly established Supreme Court precedent if "the state court applies a rule that contradicts"

Supreme Court precedent or if "the state court confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result

different from that precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). In Gary, the

defendant was advised of his Miranda rights by a detective, stated that he understood his rights

and told the detective that he wished to remain silent. 31 N.Y.2d at 69. Approximately one hour

later, Gary was transported to another precinct, where an ADA informed him of his Miranda

11

rights, Gary indicated that he was willing to talk, and then gave a statement. Id. The New York

Court of Appeals decided that the defendant's statement was not inadmissible under Miranda,

holding that "[n]either Miranda nor any broader constitutional mandate prohibits a subsequent

request, made otherwise than in the course of continued importunity or coercive interrogation in

the guise of a request for reconsideration." Gary, 31 N.Y.2d at 69. This decision appears to be

consistent with the Supreme Court's holding three years later in Michigan v. Mosley, 423 U.S.

96 (1975),[2] and, in any event, is certainly not contrary to that decision.

To warrant habeas relief, therefore, the court must find that the Appellate Division's

decision that petitioner's right to remain silent was scrupulously honored was an unreasonable

application of federal law. In making this determination, "a federal habeas court ... should ask

whether the state court's application of clearly established federal law was objectively

reasonable." Williams v. Taylor, 529 U.S. at 412. The Williams Court emphasized that, in

deciding whether an application was objectively unreasonable, "the most important point is that

an unreasonable application of federal law is different from an incorrect application of federal

law." Id. at 410. Interpreting Williams, the Second Circuit has added that, although "[s]ome

increment of incorrectness beyond error is required[,] . . . the increment need not be great;

otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest

judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal citations

omitted).

---

[2] The Mosley court cited to Gary in support of the contention that "the vast majority of federal
and state courts presented with the issue have concluded that the Miranda opinion does not create a per
se proscription of any further interrogation once the person being questioned has indicated a desire to
remain silent." Michigan v. Mosley, 423 U.S. at 103 n.9. However, the Supreme Court also made clear
that it was not taking a position on the merits of the Gary decision or the other cases cited.

When a suspect has invoked his right to remain silent, Mosley requires that the court examine the record to determine whether the defendant's "right to cut off questioning" was "'scrupulously honored.'" 423 U.S. at 104 (quoting Miranda v. Arizona, 384 U.S. at 474, 479 (1966). In making this determination, the court reviews the circumstances of the interrogation, including whether the defendant was initially advised of his Miranda rights, whether questioning immediately ceased when the defendant invoked his rights, the duration of time that passed before questioning resumed, and whether there was a change in the location of the interrogation or the identity of the interrogator. See Mosley, 423 U.S. at 104-06. In determining that the admission of Mosley's statement was not contrary to the principles set forth in Miranda, the Supreme Court distinguished that case from one in which the police "refus[e] to discontinue the interrogation upon request or . . . persist[] in repeated efforts to wear down [the defendant's] resistance and make him change his mind." Id. at 105-06.

The facts of this case bear several similarities to Mosley. In finding the statements in that case to be admissible, the Mosley Court observed that "the police . . . immediately ceased the interrogation, resumed questioning only after the passage of a significant period of time and the provision of a fresh set of warnings, and restricted the second interrogation to a crime that had not been a subject of the earlier interrogation." Mosley, 423 U.S. at 105-06. Here, the evidence from the suppression hearing suggests that Detective Murtha stopped questioning petitioner immediately after petitioner stated he did not want to speak with him, that Detective Murtha waited at least two and a half hours before trying to speak with him again, and that he informed petitioner of his Miranda rights before petitioner made a statement.

13

Petitioner attempts to distinguish this case from Mosley on the ground that he was not read his Miranda rights at the outset of interrogation and not until after he had agreed to make a statement. The court observes that, even without being informed of his rights under Miranda, petitioner clearly invoked his right to have questioning cease and Detective Murtha signaled his willingness to honor that request. Further, the Supreme Court has held that, although any unwarned statement must be suppressed, subsequent statements may be admitted so long as they are knowing and voluntary. See Oregon v. Elstad, 470 U.S. 298, 305 (1985). A law enforcement official may not follow a practice of interrogation whereby the official intentionally withholds warnings until a confession is elicited and then uses the confession to coerce inculpatory post-warning statements. See Missouri v. Seibert, 542 U.S. 600, 613 (2004). However, that circumstance does not appear to be present here. Although petitioner agreed to make a statement prior to the issuance of the Miranda warnings, he said nothing that inculpated him until after the warnings were issued. In addition, unlike in Seibert, the warnings were not "inserted in the midst of coordinated and continuing interrogation," id. at 613-14, but rather they were given after two relatively brief exchanges between Detective Murtha and petitioner. Under the circumstances of this case, this factor does not raise serious questions with respect to the Appellate Division's decision.

Several additional circumstances distinguish this case from Mosley: (1) that Detective Murtha told petitioner, on reentering the interview room, that petitioner was in big trouble; (2) that petitioner remained in the same location and was questioned by the same interrogator; (3) that he might have been handcuffed by one hand to the desk (see Hr'g Tr. at 53); and (4) that petitioner was questioned about the same crime rather than an unrelated offense. Each of these

14

factors is a relevant consideration in determining whether petitioner's right to remain silent was scrupulously honored but is not dispositive of the issue. While Detective Murtha's statement to petitioner was clearly an attempt to induce petitioner to speak and constitutes interrogation, see United States v. Montana, 958 F.2d 516, 518 (2d Cir. 1992), the force of the statement was blunted somewhat by the passage of time between petitioner's invocation of his right to remain silent and Detective Murtha's reentry into the interview room, cf. Campaneria v. Reid, 891 F.2d 1014 (2d Cir. 1989) (holding that a habeas petitioner's right to remain silent was not scrupulously honored when, immediately after the petitioner stated that he did not want to answer questions, a detective told him that "now was the time" to talk). That petitioner was questioned about the same crime rather than an unrelated offense is also not sufficient to render the second interrogation unconstitutional. See Santos v. Artuz, No. 99 Civ. 4614, 2002 U.S. Dist. LEXIS 10736, at *17 (E.D.N.Y. March 6, 2002) (collecting cases). After considering the totality of the circumstances, the court finds that the initial cessation of questioning and the passage of time between interrogations make this case sufficiently similar to Mosley such that the Appellate Division's dismissal of plaintiff's claim was not an unreasonable application of federal law.

Even assuming, arguendo, that Detective Murtha did not honor petitioner's right to remain silent when he elicited petitioner's statement, petitioner's subsequent statement to the ADA would still have been admissible. The conversation with the ADA took place at least three hours after petitioner made the statement to Detective Murtha and after petitioner was again informed of his Miranda rights. Determining whether constitutional error present in an initial confession renders a later statement inadmissible depends on whether the circumstances surrounding the initial statement "were so coercive as to prevent [the criminal defendant] from

15

making a subsequent knowing and voluntary waiver of his rights." Parsad v. Greiner, 337 F.3d 175, 183 (2d Cir. 2003) (citing Oregon v. Elstad, 470 U.S. 298, 309-14 (1985)). Here, the circumstances surrounding the interrogation, as described above, do not support such a finding. Accordingly, the videotaped confession would only be inadmissible if it was not knowing and voluntarily made. See Elstad, 470 U.S. at 309. During that videotaped interview, petitioner stated that he was scared and appeared upset (Hr'g Tr. 66-67), but no other facts in the record support a finding that this interview was a product of coercion. Considering the totality of the circumstances, this statement remains admissible. The record does not provide any basis to suggest that petitioner's statements in the videotape were substantively different from the written statement. Therefore, any error in the trial court's admission of both statements was harmless and would not warrant habeas relief. See Campaneria, 891 F.2d 1014, 1022 (2d Cir. 1989).

## III.    Ineffective Assistance of Counsel

Petitioner asserts that his trial counsel was ineffective for failing to argue that the police engaged in misconduct by using a warrant from another jurisdiction to arrest him and that petitioner's statements were elicited in violation of his right to counsel. The § 440 court found this claim to be procedurally barred under § 440.10(2)(c) because petitioner could have brought the claim on direct appeal but unjustifiably failed to do so. Respondent contends that the claim is procedurally barred on an independent and adequate state ground and, in the alternative, lacks merit because petitioner was not prejudiced by any error by trial counsel.

The court first considers whether the procedural bar is adequate. As noted above, see supra (II)(A), to be adequate to support the § 440 court's decision, the procedural bar must be

16

"'firmly established and regularly well-established and regularly followed by the New York state courts. New York law requires that criminal defendants raise issues on direct appeal where "sufficient facts appear on the record of the proceeding underlying the judgment." N.Y. Crim. Proc. Law § 440.10[2][c]. The Second Circuit has observed that "[m]otions to vacate judgment, which permit 'evidentiary exploration' of matters both on and off the record, are the preferred avenue for inadequate representation claims in New York." Caballero v. Keane, 42 F.3d 738, 740 (2d Cir. 1994) (quoting People v. Brown, 45 N.Y.2d 852, *854 (N.Y. 1978); see also Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003) (citing People v. Harris, 109 A.D.2d 351 (N.Y. App. Div., 2d Dep't 1985)). However, the procedural bar remains applicable to ineffective assistance of counsel claims that are clearly demonstrable without resort to matters outside the record.[3] See, e.g., Sweet, 353 F.3d at 140 (failure to object to jury charge); Aparicio v. Artuz, 269 F.3d 78 (2d Cir. 2001) (same); Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (failure to object on double jeopardy grounds).

Here, both of petitioner's grounds for alleging ineffective assistance of counsel are readily apparent on the record. Indeed, the only evidence that petitioner relies upon in support of his claims is the hearing and trial transcripts. Petitioner's grounds for ineffective assistance of counsel both relate to an alleged failure by trial counsel to object to issues that emerged at the

---

[3] Petitioner urges the court to apply the rule set forth in Massaro v. United States, 538 U.S. 500 (2003), in which the Supreme Court decided that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Id. at 503. However, this is a rule applicable to federal criminal procedure and is not relevant to the determination of whether the § 440 court's application of the state procedural default rule followed well-established practice in New York. See Sweet, 353 F.3d at 139.

hearing or at trial. Petitioner has provided no reason why an evidentiary exploration in a § 440 proceeding would have been required to address his ineffective assistance of counsel claim, and the court finds none. Further, no explanation has been provided as to why petitioner failed to raise the claim on direct appeal. Petitioner alleges that he filed a pro se supplementary brief in the Appellate Division to raise an ineffective assistance of counsel claim. However, the state court record filed with the court does not contain such a brief. Respondent explains that the petitioner sought leave from the Appellate Division to file a pro se supplementary brief on direct appeal but he subsequently withdrew his motion to do so. (See Brinker Aff. ¶¶ 11, 14.) Accordingly, the court finds that the procedural bar relied upon by the state court constitutes an independent and adequate state law ground for dismissal of plaintiff's claim.

A procedural default may be excused by a federal court, however, if the petitioner demonstrates either cause for the default and actual prejudice from the alleged violation of federal law, or that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A petitioner establishes actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal citations omitted).

18

Petitioner has failed to demonstrate either cause or prejudice for the default or that a fundamental miscarriage of justice will result from the court's failure to consider his ineffective assistance of counsel claim. There is no allegation that appellate counsel was ineffective for failing to bring an ineffective assistance of counsel claim on direct appeal and petitioner has not exhausted such a claim in <u>coram nobis</u> proceedings. Further, petitioner has not provided the court with any reason why he withdrew his motion to file a <u>pro se</u> supplemental brief on direct appeal. In addition, petitioner has not provided any new evidence not presented at trial to support his assertion of actual innocence. Petitioner references the testimony in the record at the suppression hearing and trial that an identifying witness initially identified another individual as the perpetrator of the crime for which petitioner was convicted and raises questions regarding that witness's subsequent recantation. (<u>See</u> Hr'g Tr. 44; Trial Tr. 610-12, 614-15, 742-45, 741-51, 786, 790-91.) Petitioner also points to the testimony by that same witness at trial that he did not have sufficient recollection to make an in-court identification. (<u>See</u> Trial Tr. at 599.) However, these circumstances alone fail to meet the high standard for demonstrating that the application of the procedural bar in this case would result in a fundamental miscarriage of justice.

Accordingly, petitioner's ineffective assistance of counsel claim is dismissed as procedurally barred.

19

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: September 20, 2007
Brooklyn, New York

20

**Service List:**

### *Pro Se* **Petitioner**
Kevin Whyte
00A6209
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-0010

### **Respondent's Attorney**
John M. Castellano
Queens County DA's Office
125-01 Queens Boulevard
Appeals Bureau
Kew Gardens, NY 11415